### Corrigan v. Malott.

(Decided December 6, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Vendor and Purchaser.—Where, under the terms of a contract, the vendor was given authority to terminate the contract on default in payments, such vendor had the right, after purchaser's default, to insist on being paid money in addition to that called for by the

contract as a condition to her making a deed to a third person at the original purchaser's request; hence such additional money paid could not be recovered by the one paying it.

2. Vendor and Purchaser.—Vendor and purchaser, having a land contract, may abandon it, if they desire, and contract anew with reference to its subject-matter.

WALTER P. LINCOLN and BOLDRICK & GOCKE for appellant.

JAMES W. GARRISON for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

On October 21, 1922, appellant and appellees entered into a written contract by which the former agreed to sell and convey and the latter to buy a certain lot on Fourth street, in Louisville, Kentucky, No. 943 South Fourth street, with its improvements, consisting of a three-story brick house, for the sum of $18,000. The buyers paid $150 upon the execution of the writing, and agreed to pay $150 on the 1st day of each succeeding month until the purchase price should be fully paid; the deferred payments bearing interest at 6 per cent. per annum payable quarterly. The seller agreed to execute and deliver to the buyers, or their assigns, a deed of conveyance when one-third of the purchase price should be paid. The contract contained this clause:

"It is understood and agreed that time is of the essence of this contract, and, should the buyer fail to comply with the terms thereof, then the seller shall be released from all obligations, in law and equity, to convey said property, and the buyer shall forfeit all right thereto and to all moneys theretofore paid under this contract."

Appellees went into immediate possession under this contract, and continued from time to time to make payments on the purchase price thereunder. They did not, however, pay the full amount due each month, and the deficiency gradually grew until, in December, 1924, it amounted to $1,800. They then had paid $2,250, whereas, under the contract, they should then have paid $4,050. Such payments as had been made, however, were received by appellant, and, although she had had the right under the contract, from the inception of the deficiency, to declare the contract forfeited, she had not

done so.    While matters stood thus, on December 8, 1924, appellees sent to appellant, who then lived in California, this telegram:

"Deal pending for sale of property 943 South Fourth street Louisville, Ky.    Prospective purchaser in good financial circumstances.    Willing and able to pay seven thousand dollars cash and execute balance due three lien notes of fifty-five hundred dollars each payable in one, two and three years respectively with 6 per cent. interest until paid, interest payable semi-annually.    Wire our expense if satisfactory.    If deal is consummated will you execute deed?"

Upon receiving it, appellant immediately responded by telegram:

"Is offer of seven thousand cash and three notes fifty-five hundred each total twenty-three thousand five hundred made to me by prospect or is this offer made to you.    If sale is consummated at above figure how much would you expect to retain.    Please wire me fully."

On December 10th appellees wired appellant in response:

"The seven thousand will be paid to me and I will pay you the difference between sixteen thousand five hundred and my balance the purchaser will pay off the three notes in three years, etc.    Awaiting reply."

On December 12th, appellant in response wired appellees:

"Mrs. Malott's telegram tenth received.    Will not consent to transfer or execute deed unless I am paid seventeen hundred dollars cash bonus.    In addition to eighteen thousand two hundred ninety-nine dollars twenty-six cents now due on tract of sale said last amount to be paid as follows:    Eighteen hundred dollars cash and three notes for fifty-five hundred dollars each secured by first lien on property payable one, two and three years respectively with interest six per cent. semi-annually otherwise will terminate and forfeit your contract of purchase

from me for default in payments. Wire immediately."

On the next day appellees wired appellant thus:

"Deal closed for property nine forty three Fourth street this city as per your telegram of December twelfth. Will forward deed as soon as prepared for your execution."

Following the exchange of these telegrams, appellees had a deed of conveyance drawn from appellant and her husband to the purchaser mentioned in the telegrams, which recited that, in consideration of $7,000 cash, and $16,500 to be paid in three equal annual installments, in one, two, and three years, the lot in question was sold and conveyed to the purchaser. The deed was forwarded to appellant, and she and her husband signed and acknowledged it and returned it to appellees, who then put the deal through, collecting the $7,000 in cash and taking three notes, payable to appellant, for $5,500 each, due in one, two, and three years, and delivering the deed to the purchaser. Appellees then forwarded to appellant the three notes, the difference between their aggregate amount and the balance owing by them to her on the contract price under the agreement of October, 1922, and the $1,700 bonus. Appellant accepted the notes and cash as a final settlement of the transaction. The notes and draft for the cash were forwarded to appellant January 9, 1925.

Thereafter appellees conceived that they had been wronged by appellant in this transaction, and instituted this action to recover the $1,700 paid to her over and above the amount due her under the contract of October, 1922. They predicate their right to recover upon the foregoing facts and these allegations found in their petition:

"Plaintiffs state that, believing that the defendant would, under the circumstances then developed, as stated hereinabove, cancel said contract and refuse to sign said deed, and under mistake on their part of the law applicable to said situation, and under mistake on their part that the defendant could and would cancel said contract, on the ——— day of December, 1924, they paid the sum of $1,700 to the defendant as a bonus for signing said deed, and

which $1,700 in law, honor, and conscience was not due or payable, and in law, honor, or conscience ought not to be retained by the defendant, and was paid without consideration.''

By agreement of the parties a trial by jury was waived and the trial of both the law and the facts was submitted to the trial court. It was adjudged that appellees were entitled to the relief sought, and that they recover the $1,700, with interest from the date paid. Appellant prosecutes this appeal from that judgment.

That the judgment is erroneous, and must be reversed, as appellant insists, this court readily agrees. Under the contract between the parties, the time had not come when appellees could compel appellant to execute and deliver to them or their assignee a deed of conveyance. That could not be done under the contract until they had paid to her one-third of the purchase price. When this transaction was had, they had paid only $2,250, while one-third of the purchase price agreed upon was $6,000. Under the express terms of the contract, appellant had the right at any time, upon default in payment of the monthly sum due, to terminate the contract of sale, and in December, 1924, when appellees advised appellant by telegram that they had a prospective purchaser for the lot, they were then $1,800 in arrears on the amounts due under the contract. That being true, appellant certainly then had the right under the contract to terminate it for their default in meeting the monthly payments.

Possessing that right, it cannot be said that her threat—if it may be called such—to terminate the contract, contained in the telegram of December 12th, amounted to duress or fraud, or inequitable conduct. The most that could be said of the situation then existing, by reason of appellant's continued acceptance of such sums as appellees paid under the contract of October, 1922, without terminating it, is that by so doing she possibly could not then have refused to receive the amount in arrears, if tendered by appellees, and insisted upon a forfeiture of the contract. However, they did not offer to pay the amount they were in arrears. They desired that appellant deed the lot to the purchaser discovered by them at a time when they could not compel such conveyance under the contract of October, 1922, because they had not paid one-third of the purchase price. Possess-

ing the undisputed right under the contract to terminate it, because they had not met and did not then tender the monthly payments, she rather generously, it seems to this court, waived that right and consented to make a new deal, by which appellees might profit to the amount of approximately $3,800.

The sale and conveyance to the purchaser at $23,500 was not under the contract of October, 1922. By their default in the payments due under that contract, and in view of the fact that they had not paid one-third of the purchase price agreed upon therein, appellees were in no position to insist that a deed be made by appellants to this prospective purchaser. The deal by which the lot in question was conveyed to the new purchaser was a new deal. It grew out of the situation then existing, by virtue of what had happened under the contract of October, 1922. The new was substituted for the old contract. Parties to a contract may at any time abandon it and contract anew with reference to its subject-matter. The facts here appearing afford appellees no right whatever to recover from appellant the $1,700 received by her under the new contract, in excess of what she would have been entitled to, if the conveyance of this lot had been made under the old contract.

For the reasons indicated, the judgment herein is reversed, and the cause remanded, with direction that appellees' petition be dismissed.